**JIAN WU ZHENG, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 08–3771.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 12, 2010.

Filed: March 8, 2010.

Blair O'Connor, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, Gary J. Yerman, Esq., Yerman & Associates, New York, NY, for Petitioner.

Thomas W. Hussey, Esq., Ari Nazarov, Esq., United States Department of Justice, Office of Immigration Litigation, Civil Division, Washington, DC, for Respondent.

Before: SLOVITER, ROTH, and TASHIMA,* Circuit Judges.

OPINION

SLOVITER, Circuit Judge.

Petitioner Jian Wu Zheng, a native of Changle City in the Fujian Province of China, seeks review of a final order issued by the Board of Immigration Appeals ("BIA") affirming the decision of an Immigration Judge ("IJ") to deny Zheng's motion to reopen his case on the basis of changed country conditions.

## I.

### Background

Zheng entered the United States in 1994 and was immediately scheduled for a hearing before an IJ for failure to possess valid entry documentation. When Zheng failed to appear at his immigration hearing in 1996, the judge ordered him removed to China *in absentia.* In July 2007, Zheng filed an untimely motion to reopen his case under 8 C.F.R. § 1003.2(c)(3)(ii), asserting that the conditions in China have changed so that if he were to return it is likely that he would be forcibly sterilized because China's popula-

tion control policies mandate sterilization of Chinese citizens with two or more children. Zheng argues that inasmuch as he had two sons who were born in the United States, he is now eligible for asylum and withholding of deportation under the Immigration and Nationality Act and the Convention Against Torture.

The IJ denied Zheng's motion to reopen, holding that Zheng failed to demonstrate *prima facie* eligibility for relief because he was "not convincing that . . . China would learn of his children," because "it is . . . likely that only a monetary fine would be imposed on the couple for having an extra son," and because "the present case law is not supportive of [Zheng's] motion." App. at 65–66.

The BIA affirmed that decision, holding that Zheng did not meet "his burden of establishing a material change of country conditions that would affect his eligibility for relief, so as to except him from the time limitation for motions to reopen," App. at 2, and also "reject[ing] [Zheng's] prima facie asylum case," App. at 3. In so doing, the BIA referenced four of its own opinions as well as a case from this court. It also found both that Zheng's affidavit was inconsistent as to whether Chinese officials were aware of his children, and that the affidavit provided by Zheng's mother-in-law did not support the existence of forced sterilization in the locale to which Zheng presumably would return, Changle City.

Zheng filed a timely petition for review.[1]

## II.

### Discussion

To succeed in his untimely motion to reopen Zheng must show that country con-

---

* Honorable A. Wallace Tashima, Senior Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

1. We have jurisdiction to review the decision of the BIA under 8 U.S.C. § 1252.

ditions in China have changed since his case was closed in 1996. 8 C.F.R. § 1003.2(c)(3)(ii). Also, immigration courts can deny an application to reopen if a petitioner has not made out a prima face case for relief. *Zheng v. Att'y Gen.*, 549 F.3d 260, 265–66 (3d Cir.2008). We review the denial of a motion to reopen for an abuse of discretion, *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir.2004), and will reject the BIA's factual findings only if a "reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

Zheng argues that he has presented evidence of "a change in country conditions, both nationally and locally in [Zheng's] hometown, in that family planning officials are increasingly enforcing China's family planning policy through means constituting persecution," i.e., forced sterilization or excessive fines, and that, as a Chinese citizen whose children were born in the United States, he would be subject to this policy. Petitioner's Br. at 10. Zheng submitted a large number of documents. Rather than address each document separately, the BIA in part referenced its own precedent which addressed much the same evidence as Zheng presents here, including the 2006 Department of State Country Report on China, the 2003 Changle City Administrative Opinion, 2003 Fujian Province Administrative Decision, and 1999 Q&A Handbook, and found it unpersuasive. *See In re J–W–S–*, 24 I & N Dec. 185, 190–92 (BIA 2007), and *In re S–Y–G–*, 24 I & N Dec. 247, 253–54 (BIA 2007).

Recently, in *Liu v. Att'y Gen.*, 555 F.3d 145, 149 (3d Cir.2009), a case decided after the BIA's decision here, we declined to review a BIA decision denying a petitioner's application to reopen on the ground that the Chinese official policy of forced sterilization had not changed. The *Liu* court noted that the Board found unper-

suasive the "March 14, 2006, letter from the 'Administrative Office of the National Population and Family Planning Committee'" also submitted here by Zheng, and cited the analysis in *In re J–W–S–* with approval. *Liu*, 555 F.3d at 149. The BIA's rejection of the evidence in those cases is dispositive.

Zheng, however, also presented three pieces of new evidence that his hometown of Changle City has a policy of counting foreign born children towards the child limits in China's family planning policies. Even assuming that the existence of such a policy in Zheng's hometown is a sufficient basis to support a grant of asylum or withholding relief, Zheng's evidence still falls short because (1) it not only fails to show that the policy is enforced in a manner amounting to persecution, and (2) because, as the government emphasizes, Zheng's evidence fails to show changed country conditions. Such a showing is a prerequisite to grant a petition to reopen.

The letter Zheng provided from his cousin's husband Chen to support his claim of forcible sterilization for having violated the family planning laws is not probative of a changed policy. Similarly, the letter Zheng submitted from his mother-in-law stating that over the past twenty years various family members and friends had been forcibly sterilized by the Changle City government for having two Chinese-born children demonstrates that the Chinese family policy has existed for decades. Moreover, her reference to forcible sterilizations that took place twenty years ago undermines the necessary premise that Changle City's policy was adopted after 1996.

The letter Zheng offers from the Changle City village "committee" states that local officials are aware that he has two children and that therefore he "must" upon his return "report to the local family

Planning Office ... [to] make an appointment to undergo sterilization operation in appointed date," does not explain how this sterilization mandate would be enforced. App. at 174. We will not assume that methods amounting to persecution, such as physical force, would be employed, especially given that, as the *In re J–W–S–* panel noted, the U.S. State Department has stated that China's "central government['s] policy prohibits physical coercion to compel persons to submit to family planning enforcement." *In re J–W–S–*, 24 I & N Dec. at 193. The evidence that Zheng would at least be subject to a fine is insufficient because Zheng failed to show that such a fine would have a substantial economic disadvantage on him personally. *Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 70 (2d Cir.2002) ("[E]conomic deprivation may constitute persecution, [but] an asylum applicant must offer some proof that he suffered a deliberate imposition of substantial economic disadvantage.") (internal quotations omitted).

In sum, the evidence does not compel the conclusion that the BIA abused its discretion in declining to grant Zheng's petition to reopen.

### III.

### Conclusion

For the reasons set forth above, we will deny the petition for review.